## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**RICHARD MURPHY JR.**

    **Plaintiff,**

  **v.**

**THE CITY OF FAYETTEVILLE, a political subdivision of the State of North Carolina ZACHARY HENDRICK, individually and officially,**

    **Defendants.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**No. 4:22-cv-00016**

**COMES NOW** the Plaintiff, Richard Murphy Jr., by and through his undersigned counsel, complaining of acts and/or omissions of the Defendants, the City of Fayetteville and Officer Zachary Hendrick demands a jury trial, and alleges the following:

## SUMMARY OF COMPLAINT

1. On January 14, 2021, City of Fayetteville Police Officer Hendrick, without cause or justification, violently grabbed Richard Murphy and forcefully tackled him to the ground, causing serious physical injury. As a result of Officer Hendrick's actions, Mr. Murphy suffered intense pain and now requires surgery to mend his broken arm. In the meantime, because of the injury caused by Defendant Hendrick, Mr. Murphy has been hampered in his ability to work. Officer Hendrick further aggravated the situation by maliciously charging Mr. Murphy with a crime – resisting an officer – which he had not committed.

2. This action seeks legal and equitable relief for this wrongful act pursuant to 42 U.S.C. § 1983, the United States Constitution, and the common law of the State of North Carolina.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1988. The Court has pendant jurisdiction over Mr. Murphy's state law claims pursuant to 28 U.S.C. §1367(a). Mr. Murphy seeks damages in excess of $25,000 on each of the state law claims.

## VENUE

4. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of North Carolina, the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

5. Venue is also proper in the Eastern District of North Carolina pursuant to 28 U.S.C. §1391(b)(1), as, upon information and belief, all Defendants reside within the Eastern District of North Carolina.

## PARTIES

6. Plaintiff Richard Murphy Jr. resides in Cumberland County, Fayetteville, North Carolina and was there at the time of the matters alleged herein.

7. Defendant Zachary Hendrick (referred to herein interchangeably as "Defendant Hendrick" and "Officer Hendrick") is, on information and belief, a resident of Cumberland County, North Carolina.

2

8. At all times relevant to this action, Defendant Hendrick was an employee of the City of Fayetteville Police Department. He is sued in his individual and official capacity for acts taken under color of law within the scope of his employment.

9. Because the actions of Defendant Hendrick as described herein were intentional, malicious, willful and wanton, and were taken outside of his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

10. Defendant City of Fayetteville is a municipal corporation organized under the laws of the State of North Carolina and capable under state statute of bringing and defending lawsuits, including claims involving its police department. It is vicariously liable for the wrongful acts of Defendant Hendrick under *respondent superior* and North Carolina law, as Defendant Hendrick was acting as an agent of the City of Fayetteville within the scope of his employment at all times relevant to this action.

11. On information and belief, the City of Fayetteville has purchased insurance, either by contract with an insurance company or by participation in an insurance risk pool, that covers the claims raised in this action and has thereby waived any defense of sovereign or governmental immunity.

**FACTS**

12. On January 14, 2021, Defendant Hendrick and fellow Fayetteville Police Officer Gregory Baxley responded to a shoplifting call at the EXXON gas station located on 2000 Skibo Road in Fayetteville, North Carolina.

3

13. The officers were called to that location by store employees regarding an alleged theft of a Bic lighter.

14. Once the officers arrived at the gas station in their patrol car, they saw Mr. Murphy was standing in a well-lit area, more than a few feet from the entrance to the gas station where the alleged theft occurred. Officer Baxley, who was in uniform and carrying his service issued firearm and taser, approached Mr. Murphy on foot.

15. Mr. Murphy was unarmed and appeared to be intoxicated.

16. As Officer Baxley approached him, Mr. Murphy preemptively and without demand sat on the curb. Given the frequency of contentious and sometimes violent interactions between police and people of color, Mr. Murphy hoped that by preemptively sitting down, he would avoid conflict.

17. As Officer Baxley came closer, Mr. Murphy began to describe what had taken place inside the gas station with the attendant who was now apparently accusing him of theft.

18. As he is describing his version of events Defendant Hendricks tells him to "shutup man".

19. Mr. Murphy complied with Defendant Hendricks request for his name and identification.

20. At no time did Mr. Murphy act in an aggressive manner towards the responding officers.

21. Officer Baxley then returned to his police car with Mr. Murphy's

information. Officer Hendrick remained with Mr. Murphy.

22. Mr. Murphy continued to explain to Defendant Hendrick what had happened, including the fact that the item alleged to have been taken – a lighter – was actually still in the store.

23. Shortly thereafter, Mr. Murphy asked Defendant Hendrick if he could stand up. Defendant Hendrick responds with a sound -- "mmhmm" -- that reasonably led Mr. Murphy to believe he could stand if he wanted to.

24. Less than two minutes later, as Mr. Murphy continued to try to explain to Defendant Hendrick what had happened inside the gas station, he stood up and, motioning toward the gas station, said, "Let's go in here with him."

25. Defendant Hendrick yelled at Mr. Murphy to sit back down, and Mr. Murphy immediately stopped moving.

26. Mr. Murphy twice said, "It's my word against his," but was otherwise entirely compliant with Defendant Hendrick's command.

27. Defendant Hendrick grabbed both of Mr. Murphy's arms and held them behind Mr. Murphy's back.

28. Despite the fact that Mr. Murphy continued to stand still and at no point resisted Defendant Hendrick's commands, Defendant Hendrick aggressively and without provocation threw him to the concrete ground, breaking Mr. Murphy's arm.

29. Defendant Hendrick immediately realized he had broken Mr. Murphy's and stated, "Didn't I tell you to put your hands behind your back?"

5

30. Mr. Murphy replied, "I'm not resisting."

31. The Defendant Hendrick called an ambulance and Mr. Murphy was transported to Cape Fear Medical.

32. Mr. Murphy was diagnosed with a broken arm and will require surgery to fully repair his injuries – which, absent surgery, will never properly heal and leave him with chronic pain.

33. Defendant Hendrick charged Mr. Murphy with shoplifting by concealment.

34. Defendant Hendrick also charged Mr. Murphy with resist, delay, and obstruct.

35. The resist, delay, and obstruct charge, which lacked probable cause, was subsequently dismissed.

36. Defendant City of Fayetteville ratified Defendant Hendrick's conduct with respect to his excessive use of force and malicious prosecution of Mr. Murphy.

37. As a direct and proximate result of the above-mentioned acts and omissions by Defendant Hendrick and the City of Fayetteville, Mr. Murphy was subjected to excessive force and suffered injuries.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### 42 U.S.C. § 1983
### Fourth Amendment Violation

6

38. Plaintiff Murphy Jr. realleges and incorporates by reference all preceding paragraphs of this Complaint.

39. The actions of Defendant Hendrick described herein constituted the unlawful seizure of Mr. Murphy and the unlawful use of excessive force under color of law, all in violation of Mr. Murphy's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

40. The use of force used against him by the Defendant was both objectively and subjectively unreasonable.

41. The actions complained of were taken under color of state law and are thus actionable pursuant to 42 U.S.C. § 1983.

42. As a direct and proximate result of this conduct, Mr. Murphy suffered a broken arm.

43. Plaintiff seeks and is entitled to recover compensatory damages.

44. Defendant Hendrick violated Mr. Murphy's Fourth Amendment rights without lawful authority, and in deliberate, willful or wanton disregard for Mr. Murphy's Fourth Amendment rights. He seeks and is entitled to punitive damages against him individually.

45. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.


## SECOND CLAIM
### Assault and Battery

46. Plaintiff Murphy Jr. re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

7

47.     By the conduct and actions described above, Defendant intentionally inflicted the common law torts of assault and battery upon Plaintiff.

48.     The acts and conduct of Defendant Hendrick were the direct and proximate cause of injury and damages to Plaintiff in violation Plaintiff's statutory and common law rights as guaranteed by the laws of the state of North Carolina.

49.     The Defendant Hendrick's actions constitute an assault upon Plaintiff in that he intentionally attempted to injure Plaintiff or commit a battery upon Plaintiff.

50.     The Defendants actions were intentional, unwarranted and without any just cause or provocation. Defendant knew or should have known their actions were without lawful authority or the consent of Plaintiff.

51.     As a result of the Defendants actions, Plaintiff was injured physically and emotionally wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

52.     As such, Plaintiff was subjected to physical harm and emotional humiliation and thereby deprived of Plaintiffs liberties.

**THIRD CLAIM**
**Excessive Force**

53.     Plaintiff Murphy Jr. incorporates by reference all preceding paragraphs of this Complaint.

54.     If an officer attempts an arrest without probable cause (as Defendant did here), it is unlawful to use *any* force. *Glenn-Robinson v. Acker*, 140 N.C. App. 606, 623 (2000). Thus, the force that was used against Plaintiff was, on its face, unlawful. However, in the alternative,

even if probable cause did exist, the use of force was excessive.

55. Defendant Hendricks used excessive force in making said arrest to include, inter alia, by violently and aggressively throwing Mr. Murphy to the concrete ground which resulted in him breaking his arm.

56. Defendant Hendrick, by using excessive force in making a lawful arrest, deprived the Plaintiff Murphy of his Fourth Amendment constitutional right to be free from an unreasonable seizure.

57. A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest.

58. That the use of excessive force was a proximate cause of the injury and damages sustained by the Plaintiff.

59. That as a direct and proximate result of the conduct of Defendant the Plaintiff is informed, believes and therefore alleges that he has suffered pain and suffering, permanent injuries, loss of enjoyment of life, mental anguish and suffering, and lost income.

60. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

**FOURTH CLAIM**
**Malicious Prosecution**

61. Plaintiff Murphy Jr. re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

9

62. Plaintiff was charged with resisting arrest without probable cause or any other foundation. That charge was initiated out of malice, to provide the Defendant Hendrick with cover for their assault on Plaintiff.

63. The resisting arrest charge was subsequently dismissed.

64. The conduct of Defendant Hendrick was deliberate, grossly negligent, in bad faith, intentional, corrupt, malicious, wanton, willful, done with conscious or reckless disregard for the rights and safety of others, and/or beyond the scope of his lawful authority.

65. The conduct of Defendant Hendrick was unreasonable under the circumstances, was excessive, inappropriate in response to the situation at hand, beyond his statutory authority, and done needlessly, manifesting a reckless indifference to the health, safety, and rights of Mr. Murphy.

66. The actions of Defendant Hendrick proximately and directly caused the physical suffering of Mr. Murphy which led him to lose numerous opportunities to regain employment and rebuild his life.

67. Plaintiff seeks and is entitled to recover compensatory damages in excess of twenty-five thousand dollars ($25,000) for the above-described conduct.

68. Plaintiff is entitled to punitive damages because Defendant Hendrick acted with deliberate, willful, and wanton disregard of Mr. Murphy's rights and privileges.

## **JURY DEMAND**

69. Plaintiff requests that all issues be tried before a jury of Plaintiffs peers.

# **PRAYER FOR RELIEF**

Wherefore, upon a trial of this matter, Plaintiff prays that the Court grant him the following relief:

1. Compensatory damages to be determined at trial;

2. Punitive damages in an amount, to be determined at trial, that will deter such conduct by Defendants in the future;

3. Pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1920;

4. Any and all other relief to which he may be entitled.

Date: February 22 , 2022

            s/Darlene Harris

            _____

            Darlene Harris, Esq.
            N.C. Bar No. 46087
            Oakhurst Legal Group
            5309 Monroe Road Suite 118
            Charlotte, NC 28205
            T: 704-243-8178
            E: Darlene@oaklg.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EDNC Civil Action No. **4:22-cv-00016**

**RICHARD MURPHY JR.**                )
                                       )
                        Plaintiff,     )
                                       )
        v.                             )
                                       )
**THE CITY OF FAYETTEVILLE, a**        )
**political subdivision of the State of** )
**North Carolina ZACHARY**             )
**HENDRICK, individually and officially,** )
                                       )
                        Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing document upon Counsel for Defendant

via process server in a properly addressed envelope as follows:

Karen McDonald
City Attorney
City of Fayetteville
433 Hay Street
Fayetteville, NC 28301-5537

*Michael R. Whyte*
Police Attorney
City of Fayetteville
433 Hay Street
Fayetteville, NC 28301-553

Zachary Hendrick
Police Officer
467 Hay St,
Fayetteville, NC 28301

Respectfully submitted this the 22nd day of February, 2022.

12

*s/ Darlene Harris*

Darlene Harris

N.C. State Bar No. 46087
 Oakhurst Legal Group
5309 Monroe Road, Suite 118

Charlotte, NC 28205

Telephone: (704) 243-8178
 E-mail: Darlene@oaklg.com

*Counsel for Plaintiff*

13